IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIAN DUANE NOEL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-571-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Brian Duane Noel, TDCJ-CID #622494, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a pre-release facility in Diboll, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

In this petition, Noel challenges his May 8, 1995, conviction and sentence for aggravated sexual assault of a child in Case No. 0423117D in the Criminal District Court Number Three of Tarrant County, Texas. (03State Habeas R. at 139) Noel was originally convicted of the offense by a jury and sentenced to 35 years' confinement, however the conviction was overturned on appeal. (*Id.* at 143-44) On remand, Noel pled guilty to the offense pursuant to a plea bargain agreement, and the trial court assessed his punishment at 20 years' confinement. Noel did not directly appeal the trial court's judgment of conviction; thus the judgment became final under state law thirty days later on June 7, 1995. (Pet. at 3) *See* TEX. R. APP. P. 26.2(a)(1) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial).

Noel filed two state habeas applications challenging his conviction. The first, filed on February 25, 2005, was denied by the Texas Court of Criminal Appeals on April 26, 2006, without written order on the findings of the trial court. *Ex parte Noel*, State Habeas Appl. No. WR-55,345-03 (referred to herein as "03State Habeas R."), at cover. His second state habeas application, filed on June 11, 2009, was dismissed by the Texas Court of Criminal Appeals as successive on April 7, 2010. *Ex parte Noel*, State Habeas Appl. No. WR-55,3456-05 (referred to herein as "05State Habeas R."), at cover. Noel asserts that he also filed a motion for DNA testing in the trial court on or about June 20, 2003, that the DNA evidence was no longer available at that time, and that the motion was denied on or about November 4, 2004. (Pet'r Preliminary Resp. at 1) Noel filed this federal petition on August 12, 2010. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding a *pro se* habeas

petition is deemed filed when the petition is delivered to prison authorities for mailing). The parties have filed preliminary responses addressing only the issue of limitations.

## D. ISSUES

Noel raises six multifarious grounds for relief, which are construed generally as follows:

(1) The trial court lacked subject matter jurisdiction;
(2) His guilty plea was involuntary due to ineffective assistance of trial counsel;
(3) His guilty plea was involuntary because the state withheld *Brady* material, to-wit: a 1990 rape kit;
(4) His conviction was based on "judicial bias against the laws of this state" by the trial judge and/or the state habeas judge, who were not the same, in the state habeas proceedings;
(5) His conviction was based on "judicial bias" by the state habeas judge, who failed to "consider or apply relevant laws to [the] facts of [his] case" in the state habeas proceedings; and
(6) His conviction was based on the Texas Court of Criminal Appeals's "failure to follow legal principle 'stare decisis'" in the state habeas proceedings.

(Pet. at 7-8A)

## E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the effective date of the statute, as here, have one year from the effective date of the statute, or until April 24, 1997, to file a federal habeas corpus action, absent any tolling. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Thus, to the extent Noel raises claims related to the 1995 plea proceedings in grounds (1) and (2), his petition was due on or before April 24, 1997, absent any tolling. *Flanagan*, 154 F.3d at 202. Noel's state habeas applications and motion for DNA testing challenging his conviction filed after the limitations period had already expired did not operate to toll the limitations period.[1] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

To the extent Noel challenges the results of his post-conviction DNA testing proceeding in ground (3), the statute of limitations arguably began to run from "the date on which the factual

---

[1] Noel also filed one or more applications for writ of mandamus in state court, however mandamus applications do not toll the one-year statute of limitations under § 2244(d). *See Moore v. Cain*, 298 F.2d 361, 367 (5th Cir. 2002) (holding that a mandamus application seeking "an order directing the trial court to perform its duty" is not "other collateral review" resulting in a statutory tolling of the federal limitations period).

4

predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Chavez v. Dretke*, Civil Action No. H-05-1600, 2005 WL 3005635 (S.D.Tex. Nov. 9, 2005). The factual predicate for Noel's allegation concerning the destruction of DNA evidence in his case became known on or about November 4, 2004, or shortly thereafter, when he was notified of the trial court's ruling on his motion. Thus, the limitations period expired one year later on November 4, 2005. Allowing latitude to Noel, his first state habeas application, filed on February 25, 2005, operated to toll the limitations period for 425, or until January 3, 2007. His second state habeas application, filed on June 11, 2009, after the limitations period had expired did not operate to toll the limitations period. *See Scott*, 227 F.3d at 263.

Nor has Noel asserted valid reasons for his failure to file a federal petition in a timely manner. Noel claims he has "suffered significant State-created-delays," and any procedural defaults or delays were caused by the state, thus he is entitled to equitable tolling of the statute of limitations. (Pet'r Preliminary Resp. at 3) Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Noel has not demonstrated that he diligently pursued state and federal postconviction relief or was prevented in some extraordinary way from asserting his rights. His *pro se* status and

unfamiliarity with the law and the legal process are common problems among inmates who are trying to pursue postconviction habeas relief. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Such circumstances are incident to ordinary inmate status and do not constitute extraordinary circumstances.

Lastly, to the extent Noel's claims involve alleged infirmities or defects in the state habeas proceedings in grounds (4) , (5), and (6), such claims are not cognizable on federal habeas review. *See Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir. 2001).

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Noel's petition be DISMISSED as time-barred as to grounds (1) through (3) and DENIED as to grounds (4) through (6).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 1, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 1, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses

to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October ___13___, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

7